## GIBSON *v.* GIBSON.

No. 16368.   OCTOBER 13, 1948.

438

*Ozé R. Horton,* for plaintiff.

*Henry A. Stewart,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The first special ground of the motion for new trial complains of the admission in evidence of a note for $100 signed by the plaintiff and the defendant, and payable to the grantor named in the first deed, together with two receipts showing payment by the defendant, over the objection that the evidence was irrelevant, prejudicial, and hurtful to the plaintiff.

The note in question was dated several days after the date mentioned in the first deed, and the plaintiff testified that the note represented money which he borrowed from the grantor and which was used by him in the purchase of a mule. The defendant, on the other hand, testified that when the deed was executed $100 of the consideration named therein was still due,

and that the deed was delivered to a named person to be held in escrow, thus making it necessary to execute the note which represented a balance of the purchase-price that was still due on the land.

In view of the conflicting testimony, the note, and receipts showing payment thereof by the defendant, were material on the question of whether the note was given as a part of the purchase-price of the land, and the court did not err in admitting the above documents in evidence.

The fourth special ground complains because the court, over the objection that it was immaterial, prejudicial, and harmful to the plaintiff, erred in allowing one of the attorneys who represented the defendant to testify in effect: that he did not take any part in and knew nothing about the execution of the deed from C. W. Smith to the plaintiff and the defendant; that he did not prepare it, or make any insertions in it; that he first saw the deed from C. W. Smith when the plaintiff and the defendant came to his office, and stated that they wanted a deed drawn from the plaintiff to the defendant for his undivided half interest in the property.

The above evidence was admissible in rebuttal of the plaintiff's testimony concerning the attorney, to the effect that he told the attorney to put the defendant's name on the deed in question; that the attorney had always represented him, but that when he went to see him before bringing the present suit the attorney stated he prepared the papers and would not take the case on either side.

The second special ground complains of the charge: "If the defendant paid for this property, as he contends, there could be no implied trust in the case. If you find that the defendant paid for it, then you look to the evidence and determine whether or not there was an agreement that in law would amount to an implied trust in favor of the plaintiff against the defendant." The criticism is that the instruction was confusing and misleading to the jury, in that it set out the law relating to the defendant, but did not allow an equal dispensation of the law to the plaintiff.

After stating that, "if the defendant paid for this property, as he contends, there could be no implied trust in the case," the

court manifestly intended to instruct the jury that, if they found that the *plaintiff* paid for it, then they would look to the evidence and determine whether or not there was an agreement that in law would amount to an implied trust in favor of the plaintiff. While the use of the word *defendant*, in the second sentence of the charge complained of, might have been confusing to the jury, yet under the facts of this case the plaintiff is the only one who could have benefited by such slip of the tongue. This is true for the reason that, regardless of whether the jury found that the plaintiff paid for the land as he contended, they might have found that there was an implied trust in his favor. The instruction complained of was more favorable to the plaintiff than he was entitled to under the pleadings and evidence, and was not erroneous as against him for any reason assigned.

When the jury returned for further instructions the following took place: "The Court: Have you made a verdict, gentlemen? Juror: No, sir. We are not clear exactly and we want to know if it would be legal, if we could divide this property back like it was; in other words, disregard that second deed from the plaintiff to the defendant. The Court: I read to you the petition and the contentions of the plaintiff in the case, and I read and stated to you the contentions of the defendant. You have heard the evidence, and you make a verdict that suits you. The plaintiff asks for all of it, and the defendant asks for all of it. Juror: In other words, we have to make it for one or the other?"

The third special ground complains that such charge was erroneous and injurious to the plaintiff, because it was confusing and misleading to the jury in that it did not give to the jury the latitude they have in making a verdict, whereas their very want of information and clarification showed without a doubt that they were in a frame of mind to compromise the issues.

The Code, § 110-101, declares: "The verdict shall cover the issues made by the pleadings, and shall be for the plaintiff or defendant." In the present case, each of the parties was claiming the entire ownership of the land in question. Therefore, in the absence of a request by either party for a special verdict as provided for in the Code, § 37-1104, the court had no alternative other than to instruct the jury to return a verdict for the plaintiff or the defendant.

The evidence was sufficient to support the verdict in favor of the defendant, and the trial court did not err in overruling the plaintiff's motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*